IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MAURICE McDUFFIE, | ) | CASE NO. 1:18 CV 1293 |
| Petitioner, | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| WARDEN BRIGHAM SLOAN, | ) | |
| | ) | MEMORANDUM OPINION |
| Respondent. | ) | AND ORDER |

## I.  Introduction

*Pro se* petitioner Maurice McDuffie ("McDuffie" or "Petitioner") seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 concerning post-conviction proceedings arising from Cuyahoga County Court of Common Pleas Case No. CR-12-567263-A (Docket #1 ("Petition")).[1] In that case, McDuffie was convicted of felonious assault for which the trial judge imposed an eight-year sentence (*id.* at 1).

Petitioner filed a motion to proceed with the Petition *in forma pauperis* (Docket #2), which is granted. For the reasons that follow, the Petition is dismissed.

---

[1] This is the second petition for habeas corpus relief filed by McDuffie concerning his criminal case in the Cuyahoga County Court of Common Pleas. The first petition was dismissed without prejudice because the claim was unexhausted. *See McDuffie v. Sloan*, No. 1:16CV249, 2016 WL 2726194, at *1 (N.D. Ohio May 9, 2016).

## II. Background

Much of the relevant factual and procedural background of this case has been detailed by Ohio's Eighth District Court of Appeals. McDuffie was convicted by a jury of felonious assault of his brother's girlfriend and sentenced to eight years in prison. *See State v. McDuffie*, No. 100826, 2014 WL 5761649, at *1-2 (Ohio Ct. App. Nov. 6, 2014). Represented by counsel, McDuffie filed a direct appeal to the Ohio Eighth District Court of Appeals raising three assignments of error: (1) the trial court erred by giving erroneous and incomplete jury instructions on the defense of others, (2) the trial court erred by refusing to instruct the jury on the inferior offense of aggravated assault, and (3) trial counsel was ineffective. *Id.* at *2-3. The Court of Appeals affirmed McDuffie's conviction and sentence (*id.* at *8) and, later, denied McDuffie's motion to reopen his appeal on the grounds of ineffective assistance of appellate counsel.[2] *State v. McDuffie*, No. 100826, 2015 WL 4758565 (Ohio Ct. App. Aug. 12, 2015).

In December 2015, McDuffie filed a motion with the trial court to turn over the jury verdict form, arguing that his conviction was not a final appealable order because the signed jury verdict form was not provided to him. The trial court denied the motion. In January 2016, McDuffie filed a writ of mandamus in the Ohio Supreme Court requesting the jury verdict form, which the Supreme Court dismissed. *See State v. McDuffie*, No. 105614, 2017 WL 5192045, at *1 (Ohio Ct. App. Nov. 9, 2017).

In January 2017, McDuffie filed another petition in the trial court to vacate or set aside the judgment of conviction or sentence, arguing that his conviction should be vacated because he

---

[2]  The Ohio Supreme Court declined to grant discretionary review of either decision. *State v. McDuffie*, 142 Ohio St. 3d 1451 (2015) (Table); *State v. McDuffie*, 144 Ohio St. 3d 1429 (2015) (Table).

was not provided with the jury verdict form. The trial court denied the motion and McDuffie appealed that decision to the Ohio Eighth District Court of Appeals, bringing one assignment of error: "the trial court abused its discretion when it denied defendant-appellant's petition for postconviction relief without conducting a hearing." *Id.* The Court of Appeals found that res judicata barred McDuffie's claim because he did not raise any error with respect to the jury verdict form at the time he filed his direct appeal or in his application to reopen his appeal. *Id.* at *2. "Moreover, after the trial court denied his request, McDuffie did, in fact, appeal the trial court's denial in his complaint in mandamus filed in the Ohio Supreme Court in January 2016, which the Supreme Court denied. [citation omitted] McDuffie's claim that the trial court erred when it denied his postconviction relief seeking a copy of the jury verdict form is therefore barred by res judicata." *Id.*

In overruling McDuffie's sole assignment of error, the Ohio Eighth District Court of Appeals noted that even if McDuffie's claim were not barred by res judicata, it lacked merit because, under Ohio's post-conviction laws, McDuffie was not automatically entitled to an evidentiary hearing in the absence of evidence demonstrating "a cognizable claim of constitutional error." *Id.* (quoting *State v. Cody*, No. 102213, 2015 WL 4133281, at *5 (Ohio Ct. App. July 9, 2015) (citation omitted)). "[W]here the petition, supporting affidavits, evidence, and the record do not demonstrate sufficient operative facts to establish substantive grounds for relief, the trial court may deny the petitioner's postconviction relief without a hearing." *Id.* (citing *State v. Calhoun*, 714 N.E.2d 905 (Ohio 1999)). The Eighth District Court of Appeals also noted that McDuffie could not demonstrate that he is entitled to access to the jury verdict form because the names and addresses of jurors are not public records and, therefore, McDuffie

did not have a clear legal right to the jury verdict forms. *Id.* at *3 (citing Ohio Rev. Code § 149.43(B)(8) and collecting cases).

McDuffie appealed, but the Ohio Supreme Court declined jurisdiction. *State v. McDuffie*, 96 N.E.3d 199 (Table) (2018).

### III. Standard of Review

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254, which provides the standard of review that federal courts must apply when considering applications for a writ of habeas corpus. Under AEDPA, federal courts have limited power to issue a writ of habeas corpus with respect to any claim which was adjudicated on the merits by a state court. The Supreme Court, in *Williams v. Taylor*, provided the following guidance:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied-the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Williams v. Taylor*, 529 U.S. 362, 412-13 (2002); *see also Lorraine v. Coyle*, 291 F.3d 416, 421-422 (6th Cir. 2002), *cert. denied*, 538 U.S. 947 (2003).

A state court decision is "contrary to" clearly established Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases." *Williams*, 529 U.S. at 405; *see also Price v. Vincent*, 538 U.S. 634, 640 (2003). A state court

decision is not unreasonable simply because the federal court considers the state decision to be erroneous or incorrect. Rather, the federal court must determine that the state court decision is an objectively unreasonable application of federal law. *Williams*, 529 U.S. at 410-12; *Lorraine*, 291 F.3d at 422.

As with all *pro se* pleadings, *pro se* petitions are to be liberally construed. *See Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001). But the pleading standard under Habeas Corpus Rule 2(c) "is more demanding" the than Fed. R. Civ. P. 8(a), which governs the pleading standard in non-habeas civil proceedings. *Mayle v. Felix*, 545, U.S. 644, 655 (2005). Habeas Rule 2(c) requires the petition to "specify all the grounds for relief available to the petitioner" and to "state the facts supporting each ground." Habeas Corpus Rules Governing § 2254 Cases, Rule 2(c).

## IV. Discussion

In the instant Petition, Petitioner raises one ground for relief: The trial court abused its discretion when it denied McDuffie's petition for postconviction relief without conducting an evidentiary hearing. (Docket #1 at 5.) A habeas petitioner cannot obtain relief unless he has completely exhausted his available state remedies. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Buell v. Mitchell*, 274 F.3d 337, 349 (6th Cir. 2001) (citing *Coleman v. Mitchell*, 244 F.3d 533, 538 (6th Cir. 2001)). The exhaustion requirement is satisfied when the state's highest court has been afforded a full and fair opportunity to rule on Petitioner's claim. As detailed above, Petitioner has exhausted his habeas claim.

Petitioner's habeas claim must be dismissed because his claim is not cognizable and is procedurally defaulted.

### A. Claim is not cognizable

Petitioner's claim concerning the outcome of post-conviction proceedings does not state a cognizable claim for relief. Habeas review in federal court is only available on the grounds that the state prisoner's confinement violates the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). Challenges to post conviction proceedings address collateral matters, not the underlying conviction giving rise to the prisoner's confinement. *Cress v. Palmer*, 484 F.3d 844, 853 (6th Cir. 2007) ("[T]he Sixth Circuit has consistently held that errors in post-conviction proceedings are outside the scope of federal habeas corpus review.") (citing among authority *Kirby v. Dutton*, 794 F.2d 245, 246-47 (6th Cir. 1986)); *see also State v. Broom*, 51 N.E.3d 620, 627 (Ohio 2016) (A post conviction proceedings is not an appeal of a criminal conviction but a collateral attack on a criminal judgment and is a statutory, not a constitutional, right.) (citations omitted). Petitioner's single claim concerning post-conviction proceedings is not cognizable for habeas review.

In addition, Petitioner's challenge to the state courts' interpretation of Ohio's laws is not cognizable. A state court's interpretation of state law, such as the Eighth District's interpretation of Ohio's res judicata, post-conviction, and public records laws, binds a federal court on habeas review. *See Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) ("We have repeatedly held that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus.") (citing *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991)).

An exception exists where state court rulings on issues of state law violate due process, but the Sixth Circuit has narrowly defined that exception to infractions that are so egregious that

fundamental concepts of justice are violated. *Langlois v. Coleman*, No. 3:15 CV 579, 2016 WL 5076085, at *2 (N.D. Ohio Sept. 20, 2016) (quoting *Wright v. Dallman*, 999 F.2d 174, 178 (6th Cir. 1993) (quoting *Dowling v. United States*, 493 U.S. 342, 352 (1990))). To the extent that Petitioner claims that the Ohio state courts' interpretation of Ohio's laws concerning res judicata, the requirements for a hearing on post-conviction motions, and public records violate due process, the Court finds that the state courts' post-conviction rulings interpreting state law are not so egregious that they resulted in a denial of fundamental fairness. *See Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2001); *see also e.g. Baze v. Parker*, 371 F.3d 310, 324 (6th Cir. 2004) (state court evidentiary rulings only raises constitutional concerns only if it infringes a "weighty interest of the accused" and is so egregious that it results in a denial of fundamental fairness) (citations omitted).

### B. Claim is procedurally defaulted

Even if Petitioner's single ground for relief were cognizable, the claim is procedurally defaulted. Procedural default occurs when the Petitioner fails to present his federal constitutional claim to the state courts for review in the manner required by state procedural law. *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986)).

The Sixth Circuit has identified four factors to determine procedural default. *Buell v. Mitchell*, 274 F.3d at 348 (citing *Maupin*, 785 F.2d at 138). Ohio's res judicata rule satisfies the first three factors. *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001); *see also Norris v. Schotten*, 146 F.3d 314, 332 (6th Cir. 1998) (the doctrine of res judicata applies to claims that could have been raised on appeal or in a post conviction proceeding) (citing *State v. Combs*, 652

N.E.2d 205, 209 (Ohio Ct. App. 1994)).

Where relief on a claim not available in Ohio courts because of application of the res judicata doctrine, the federal habeas petitioner is considered to have waived the claim for federal habeas purposes "unless he can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional error." *Rust v Dent*, 17 F.3d 155, 160 (6th Cir. 1994). The Court finds nothing in the Petition or memorandum in support that plausibly supports a finding of cause and prejudice. Indeed, Petitioner states that jury verdict form were not immediately filed by the state court's clerk of court, which he claims is a violation of Ohio law, and that fact was confirmed on November 1, 2014 by the Clerk of the Cuyahoga County Court of Common Pleas (*see* Docket #1-1 at 10-11). Petitioner argues that he and his family attempted to obtain the missing verdict form but were unable to do so, and it was not until those efforts were exhausted that his petition for post-conviction relief could be submitted to the trial court (*id.* at 13).

This argument is unavailing to establish cause and prejudice. Petitioner was aware that the jury verdict form was not filed, if not by the time he filed his direct appeal in December 2013, certainly by the time he filed his application to reopen his appeal in January 2015, yet he did not raise the issue of the missing jury verdict form to the Court of Appeals. Moreover, when McDuffie filed a writ of mandamus in the Ohio Supreme Court in January 2016 after the trial court denied his request regarding the jury verdict form in December 2915, the Ohio Supreme Court dismissed his mandamus action. *See State ex rel. McDuffie v. Saffold*, 48 N.E.3d 580 (2016) (Table). On the face of the Petition, the Court finds that there is no plausible basis for cause and prejudice concerning Petitioner's procedurally defaulted habeas claim.

## V. Conclusion

For all of the foregoing reasons, the Writ of Habeas Corpus filed by Maurice McDuffie pursuant to 28 U.S.C. § 2254 (Docket #1) is hereby dismissed with prejudice. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision may not be taken in good faith. Further for the reasons stated herein, a reasonable jurist could not conclude that dismissal of the Petition is in error or that the Petitioner should be permitted to proceed further and, pursuant to 28 U.S.C. § 2253, the Court declines to issue a certificate of appealability.

Petitioner's Motion to proceed *in forma pauperis* (Docket #2), is granted.

This case is hereby TERMINATED.

**IT IS SO ORDERED.**

_____
DONALD C. NUGENT
United States District Judge

DATED: February 7, 2019